IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| FANNIE SLAUGHTER, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:21-CV-00649-SDJ-CAN |
| v. | § | |
| | § | |
| WALMART, INC., | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION**
<u>**OF UNITED STATES MAGISTRATE JUDGE**</u>

Pending before the Court is Defendant Walmart Inc.'s "Motion for Traditional and No-Evidence Summary Judgment" [Dkt. 38]. Having considered Walmart's Motion, Plaintiff's Response [Dkt. 44], Walmart's Reply [Dkt. 46], and all other relevant filings, the Court recommends the Motion for Summary Judgment [Dkt. 38] be **GRANTED**, as set forth herein.

**RELEVANT BACKGROUND**

On July 22, 2021, Plaintiff Fannie Slaughter ("Plaintiff") filed her original petition in the 62nd District Court of Lamar County, Texas, Cause No. 90495, against Defendant Walmart, Inc. ("Defendant" or "Walmart") [Dkt. 1 at 1]. Plaintiff's original petition filed in state court remains the live pleading [Dkt. 2]. Through her suit, Plaintiff asserts a single claim for negligence/premises liability arising out of her fall at a Walmart store on or around August 5, 2019 [Dkt. 2].[1] Plaintiff pleads that she slipped and fell on a wet floor in the general vicinity of the store's self-checkout area, suffering injuries [Dkt. 2 at 2]. Plaintiff asserts Walmart owed her a legal duty to use reasonable care to protect against an unreasonable risk of harm for which Walmart knew of

---

[1] Plaintiff's original petition identifies the relevant premises as "Sam's Club #148," located at 3855 Lamar Avenue, Paris, Texas 75462 [Dkt. 2 at 2]. Both Parties refer to the relevant premises as "a Walmart store"; the Court will refer to the premises consistent with the Parties' briefing of the instant Motion.

reasonably should have known about and which caused her injuries [Dkt. 2 at 2-3]. Plaintiff pleads Walmart breached the duty owed to Plaintiff by failing to use reasonable care to protect Plaintiff; failing to make safe dangerous conditions such as wet floors that post an unreasonable risk; failing to adequately warn Plaintiff of a wet floor; and failing to maintain adequate safeguards around the dangerous condition to render the premises reasonably safe to visitors [Dkt. 2 at 2]. For relief, Plaintiff seeks damages in excess of $1,000,000.00, including specifically actual damages, past and future lost wages, past and future medical expenses, past and future physical pain, past and future mental anguish, past and future impairment, and past and future loss of household services, as well as pre- and post-judgment interest, court costs [Dkt. 2 at 3-4]. On August 17, 2021, Walmart removed Plaintiff's suit to the Eastern District of Texas [Dkt. 1]. After engaging in discovery, on September 29, 2022, Walmart filed the instant Motion for Summary Judgment [Dkt. 38]. On October 26, 2022, Plaintiff filed her response [Dkt. 44], and on November 3, 2022, Walmart filed its reply [Dkt. 46]. The Motion is ripe for disposition.

## SUMMARY JUDGMENT STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses to help "secure the just, speedy and inexpensive determination of every action." *Nat'l Cas. Co. v. Kiva Const. & Eng'g, Inc.*, 496 F. App'x 446, 449 (5th Cir. 2012) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A genuine dispute of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Certain Underwriters at Lloyd's, London v. Axon Pressure Prod. Inc.*, 951 F.3d 248, 255 (5th Cir. 2020) (citing *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 248 (1986)). "The substantive law will identify which facts are material. This means only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Gibson v. Collier*, 920 F.3d 212, 219 (5th Cir. 2019) (citing *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 378 (5th Cir. 2019)) (cleaned up).

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Bucklew v. Precythe*, 139 S. Ct. 1112, 1131 (2019). When the movant does not bear the burden of proof at trial, the movant is entitled to summary judgment if "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Gonzales v. ConocoPhillips Co.*, 806 F. App'x 289, 291 (5th Cir. 2020) (citing *Celotex*, 477 U.S. at 323). Once the movant has carried its burden, the nonmovant "must go beyond the pleadings and identify specific evidence in the record showing that there is a genuine issue for trial." *Powers v. Northside Indep. Sch. Dist.*, 951 F.3d 298, 307 (5th Cir. 2020). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Malbrough v. Stelly*, 814 F. App'x 798, 802 (5th Cir. 2020) (citing *Anderson*, 477 U.S. at 249-50). The Court need only consider the record materials cited by the parties. FED. R. CIV. P. 56(c)(3). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (quotations omitted).

## SUMMARY JUDGMENT EVIDENCE

Walmart submits the following evidence in support of its Motion for Summary Judgment:

    Exhibit A [Dkt. 30-1]: Oral Deposition of Plaintiff Fannie Slaughter (selected excerpts).[2]

Plaintiff submits the following evidence in response to the Motion for Summary Judgment:

    Exhibit A [Dkt. 44-2]: Deposition of Michael Williams;

    Exhibit B [Dkt. 44-3]: Deposition of Fannie Slaughter;

    Exhibit C [Dkt. 44-4]: Incident Report; and

    Exhibit D [Dkt. 44-5]: Medical Record of Fannie Slaughter.

No objections have been made to the Court's consideration of any of the submitted summary judgment evidence.

***Undisputed Facts[3]***

    Plaintiff and Walmart agree to the following undisputed facts. At all times relevant to the incident that gives rise to Plaintiff's claim, Walmart was the owner and operator of the premises where Plaintiff was injured [Dkt. 44 at 3]. The Parties agree that Plaintiff was on the premises of Walmart for a business purpose [Dkt. 44 at 4], relevant herein to Plaintiff's status as an "invitee." Plaintiff slipped and fell on a substance on the floor at Walmart, specifically clear water [Dkts. 38 at 6; 44 at 4]. The area where Plaintiff fell was well-lit, and the flooring on which the water was located had a "high gloss polished surface" that would become slippery when wet [Dkts. 38 at 6; 44 at 4]. Plaintiff did not see the water on the floor before she slipped, though the water was not hidden nor concealed [Dkts. 38 at 6; 44 at 4]. Plaintiff had a view of the surroundings where she fell, and her view was free from obstruction [Dkt. 38 at 6]. Though neither Party offers facts as to the source of the water, they agree that it was not raining the day the incident occurred [Dkt. 44 at

---

[2] Walmart's instant Motion is its Amended Motion; it previously requested leave to amend to correct its Motion, and as such, the full copy of the Exhibit is attached to its original motion [Dkt. 30-1]. Plaintiff did not object to the incorporation of this exhibit by reference.

[3] In response, Plaintiff concurs with the summary of undisputed facts provided by Walmart and provides certain additional facts as a supplement. Walmart did not contest these supplemental facts in its reply.

4]. No Walmart employee is known to have seen or known of the water's presence before Plaintiff's fall [Dkt. 38 at 6]. Nonetheless, during the thirty minutes prior to the fall, multiple Walmart employees walked by the area where the water was located and did not inspect or clean the area, nor provide any warnings that water was on the floor [Dkt. 44 at 4]. No Walmart employee had prior knowledge of the water puddle prior to Plaintiff's fall, nor were any prior incidents related to this puddle known or reported to Walmart prior to the fall [Dkt. 38 at 6].

## ANALYSIS

### *Walmart's "No-Evidence" Summary Judgment Motion Is Proper Under Rule 56*

As an initial matter, and before reaching the merits, Plaintiff urges that Walmart's "no-evidence" summary judgment motion is not permitted under the federal rules [Dkt. 44 at 9-10]. Asserting the Motion is "procedurally barred," Plaintiff "moves to strike pages 11 and 12 of Defendant's Motion" on the grounds that Walmart bears the burden of proof as the movant [Dkt. 44 at 10]. Walmart rejoins that its Motion is entirely proper under Rule 56 because it can "meet its initial burden without producing evidence or citing to particular parts of materials in the record if it can otherwise 'show' that the adverse party cannot produce — that is, does not have — admissible evidence to support the fact at issue" [Dkt. 46 at 4]. As Walmart correctly points out, in the Fifth Circuit, courts have granted "no-evidence" summary judgment motions in premises liability cases where the defendant points out that the plaintiff cannot adduce evidence for the specific elements for which it bears the burden at trial. *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 335 (5th Cir. 2017) (collecting cases). As the Fifth Circuit explained in *Austin*,

> Austin argues that federal law does not allow for "no evidence" summary judgment motions, but instead requires Kroger to point to evidence in the record showing no issue of material fact on causation. Under federal law, however, it has long been the rule that when the nonmovant has the burden of proof at trial, the moving party may make a proper summary judgment motion, thereby shifting the summary judgment burden to the nonmovant, with an allegation that the nonmovant has

> failed to establish an element essential to that party's case. Kroger satisfied its summary judgment burden when it alleged that there was no evidence of causation—an element essential to Austin's ordinary negligence claim. Therefore, Austin was required to present causation evidence to survive summary judgment.

*Austin*, 864 F.3d at 335 (citations omitted) (citing *Thomas v. Barton Lodge II, Ltd.*, 174 F.3d 636, 644 (5th Cir. 1999); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075, 1076 n.16 (5th Cir. 1994) (en banc); *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005)). The "important distinction" is that "while it is true that a movant cannot support a motion for summary judgment with a conclusory assertion that the nonmovant has no evidence to support his *case*," a movant may support its motion "by pointing out that there is no evidence to support a specific element of the nonmovant's *claim*." *Id.* at 335 n.10 (citing *Celotex*, 477 U.S. at 322-23) (emphasis in original). Federal courts in Texas applying this distinction concur, finding that "such a motion can be proper when correctly pled." *See, e.g.*, *Harmon v. Wal-Mart Stores Texas, LLC*, No. 6:19-CV-285-KNM, 2020 WL 6379236, at *2 n.14 (E.D. Tex. Sept. 29, 2020) (citing *Austin*, 864 F.3d at 335 n.10); *Bell v. Marmaxx Operating Corp*, No. 3:20-CV-01910-X, 2021 WL 5505561, at *2 (N.D. Tex. Nov. 23, 2021) ("Since *Austin*, every district court opinion that this Court has found has read it to stand for the principle that the burden shifts to the nonmovant to show that she has evidence if, as [defendant] has done here, the movant alleges that there is no evidence to support specific elements of the nonmovant's claim.").[4] The Court agrees that Walmart has complied with the guidance supplied by the Fifth Circuit in *Austin*, as it "separately addresses its arguments as to the unreasonably dangerous condition, actual or constructive knowledge, and causation elements of

---

[4] As one court in Eastern District explained, the Motion would be improper if Walmart had moved under the Texas summary judgment rule rather than Federal Rule 56, but here, Walmart has correctly moved under Federal Rule 56 and not Texas Rule 166a(i). *See Jackson v. Allstate Vehicle & Prop. Ins. Co.*, No. 4:16-CV-00988, 2017 WL 4374862, at *2 (E.D. Tex. Sept. 13, 2017) (citing *Weldon v. Wal-Mart Stores Tex.*, 2016 WL 4248931, at *4 n.7 (E.D. Tex. Aug. 11, 2016)) ("To the extent Defendant seeks a 'no evidence' summary judgment under TEX. R. CIV. P. 166a(i), that request should be denied, as federal district courts apply FED. R. CIV. P. 56 when ruling on a motion for summary judgment."), *report and recommendation adopted*, No. 4:16-CV-00988, 2017 WL 4355042 (E.D. Tex. Oct. 2, 2017).

REPORT AND RECOMMENDATION – Page 6

Slaughter's premises liability claims and explains what Texas law requires her to show and then what Slaughter will and will not be able to show by her evidence" [Dkt. 46 at 5]. The Court declines to strike pages 11-12 of the Motion for Summary Judgment.[5]

*No Actual or Constructive Notice*

"Under Texas law, a premises owner 'has a duty to exercise reasonable care to make the premises safe for invitees.'" *Seigler v. Wal-Mart Stores Tex., L.L.C.*, 30 F.4th 472, 478 (5th Cir. 2022) (quoting *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 202 (Tex. 2015)). To prevail on her premises liability claim, Plaintiff "must prove four elements: '(1) Actual or constructive knowledge of some condition on the premises by the owner/operator; (2) That the condition posed an unreasonable risk of harm; (3) That the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and (4) That the owner/operator's failure to use such care proximately caused the plaintiff's injuries.'" *Id.* at 478-79 (quoting *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998)). Walmart urges that Plaintiff falls short and has adduced no competent evidence of any of the requisite elements; the Court focuses on its arguments regarding knowledge/notice.

"A slip-and-fall plaintiff satisfies the notice element by establishing that (1) the defendant placed the substance on the floor, (2) the defendant actually knew that the substance was on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002); *see Patel v. Walmart Stores, Inc.*, No. 4:15-CV-427, 2016 WL 4161820, at *2 (E.D. Tex. Aug. 5, 2016) ("A plaintiff may establish actual or constructive knowledge of a potentially harmful condition in one of three ways: (1) proof that the employees caused the harmful

---

[5] Even if the Court had determined the Motion did not meet the requisite Rule 56 standard, Plaintiff points to no authority for striking these portions from the record rather than simply denying the Motion.

REPORT AND RECOMMENDATION – Page 7

condition; (2) proof that the employees either saw or were told of the harmful condition prior to the plaintiff's injury; or (3) proof that the harmful condition was present for so long that it should have been discovered in the exercise of reasonable care."). "To prove any of these three propositions, '[p]laintiffs may rely upon [either] direct [or] circumstantial evidence.'" *Rockwell v. Sprouts Farmers Mkt. Texas, L.P.*, No. 21-20354, 2022 WL 1532639, at *1 (5th Cir. May 16, 2022) (quoting *Garcia v. Wal-Mart Stores Tex., L.L.C.*, 893 F.3d 278, 279 (5th Cir. 2018) (alterations in original)).

Walmart urges Plaintiff has no competent evidence that Walmart had actual or constructive knowledge of the water puddle [Dkt. 38 at 12-13]. Where, as here, Plaintiff does not have evidence that Walmart caused the spill or actually knew it was there, Plaintiff must "prove that the spill had been on the floor for a sufficient period of time that Wal–Mart had a reasonable opportunity to discover it." *See Reece*, 81 S.W.3d at 814. "To prove constructive notice, 'there must be some proof of how long the hazard was there before liability can be imposed on the premises owner for failing to discover and rectify, or warn of, the dangerous condition.'" *Seigler*, 30 F.4th at 479 (quoting *Reece*, 81 S.W.3d at 816). This is known as the "time-notice rule." *Patel*, 2016 WL 4161820, at *2 ("In *Reece*, the Texas Supreme Court adopted the "time-notice rule" for determining if a defendant has constructive knowledge of a hazardous condition."). In applying the "time-notice" rule to determine "whether a premises owner had constructive knowledge, a court may consider the combination of (1) the length of the time the hazard existed, (2) the proximity of employees to the hazard, and (3) the conspicuousness of the hazard." *Seigler*, 30 F.4th at 479 (citing *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 567-68 (Tex. 2006)). Relevant to applying the "time-notice" rule, constructive knowledge "can be established when 'the condition had existed long enough for the owner or occupier to have discovered it upon reasonable

inspection.'" *Agbonzee v. Wal-Mart Stores Tex., L.L.C. #772*, No. 21-20395, 2022 WL 3137428, at *2 (5th Cir. Aug. 5, 2022) (quoting *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 102-03 (Tex. 2000)).[6] Of course, "'[l]ong enough' varies from case to case," and the Court [must] look[] to 'the combination of proximity, conspicuity, and longevity'" factors. *Id.* (quoting *Spates*, 186 S.W.3d at 567). Still, the Texas Supreme Court has held that the plaintiff must show some "temporal evidence," and in *Reece* specifically expounded that "there must be some proof of how long the hazard was there before liability can be imposed on the premises owner." *Id.* at *3 (citing *Reece*, 81 S.W.3d at 816). "'[T]emporal evidence is the best indicator of whether the owner could have discovered and remedied' a dangerous condition." *Id.* (quoting *Brookshire Bros., Ltd. v. Aldridge*, 438 S.W.3d 9, 30 (Tex. 2014)).[7]

Plaintiff contends she the following evidence suffices to show Walmart's constructive knowledge: (1) "Several of Defendant's personnel walked by the area just before Plaintiff slipped"; (2) the store's former assistant manager testified that "he knew of slip and falls happening once or twice a month for the three-month period prior to Plaintiff's fall," ergo Walmart had constructive knowledge "of the risk of moisture on the floor causing falls"; and (3) the existence

---

[6] Notably, "[c]ircumstantial evidence must 'either directly or by reasonable inference' show the owner's knowledge, and an 'inference is not reasonable if premised on mere suspicion—some suspicion linked to other suspicion produces only more suspicion, which is not the same as some evidence.'" *Agbonzee*, 2022 WL 3137428, at *2 (quoting *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 394 (Tex. 2016)) (cleaned up).

[7] Applying these factors, courts consider them on a sliding scale, finding that passage of a shorter amount of time is enough to impute constructive knowledge where the condition is very conspicuous, and likewise, finding a longer passage of time necessary before imputing knowledge of an inconspicuous condition. As the Texas Supreme Court explained in *Reece*:

> [I]f the dangerous condition is conspicuous [was], for example, a large puddle of dark liquid on a light floor would likely be, then an employee's proximity to the condition might shorten the time in which a jury could find that the premises owner should reasonably have discovered it. Similarly, if an employee was in close proximity to a less conspicuous hazard for a continuous and significant period of time, that too could affect the jury's consideration of whether the premises owner should have become aware of the dangerous condition. *But in either case, there must be some proof of how long the hazard was there before liability can be imposed on the premises owner for failing to discover and rectify, or warn of, the dangerous condition.*

*Reece*, 81 S.W.3d at 816 (emphasis added).

of Walmart policies "in place requiring employees to actively scan their environment for risks, including spills" [Dkt. 44 at 10-11]. Walmart rejoins such evidence is insufficient to survive summary judgment because Plaintiff has not adduced any "evidence that establishes the alleged condition was present for such an extended amount of time that constructive knowledge should be imputed," and that "some temporal evidence" is required "in order to create a fact issue that the owner had an opportunity to discover the condition" [Dkt. 46 at 7-8]. Walmart also argues that the "equal inference rule" should apply to the Court's analysis of the circumstantial evidence offered by Plaintiff, which "provides that a jury may not reasonably infer an ultimate fact from meager circumstantial evidence that could give rise to any number of inferences, none more probable than another" [Dkt. 46 at 7-8].[8]

Here, the record does not contain any temporal evidence reflecting how long the water puddle had been on the floor prior to Plaintiff's slip and fall, and the circumstantial evidence regarding proximity and conspicuousness fall short upon review of relevant case law. Specifically, regarding the proximity factor, Plaintiff references the deposition testimony of a former Walmart store manager noting three Walmart associates were walking near the area prior to Plaintiff's fall, referring to the manger's review of video footage [Dkt. 44 at 10; 44-2 at 8-9] (citing Plaintiff's Exhibit A at 65:5-69:24). But evidence of being in the vicinity alone is insufficient as a matter of law to show constructive notice. *See Bradford v. Walmart Stores Tex., LLC*, No. 1:21-CV-00363, 2023 WL 2319420, at *4 (E.D. Tex. Feb. 1, 2023) ("Evidence of an employee's proximity to the hazard, without evidence of how long the hazard was there, does not suffice."). And regarding the

---

[8] The "equal inference rule" "prohibits a jury from inferring an ultimate fact from circumstantial evidence where the evidence 'could give rise to any number of inferences, none more probable than another.'" *Hirras v. Wal-Mart Stores, Inc.*, No. SA-19-CV-01411-FB, 2021 WL 683169, at *5 (W.D. Tex. Feb. 18, 2021) (quoting *Hammerly Oaks, Inc. v. Edwards*, 958 S.W.2d 387, 392 (Tex. 1997) (internal citation and quotation omitted)), *report and recommendation adopted*, No. SA-19-CV-1411-FB, 2021 WL 2431030 (W.D. Tex. Mar. 9, 2021).

REPORT AND RECOMMENDATION – Page 10

conspicuousness factor, both Parties agree the puddle was clear water, and although Plaintiff urges the puddle was unreasonable dangerous, no evidence is offered whatsoever as to its *conspicuousness*. *See Benedetti v. Wal-Mart Stores Tex., L.L.C.*, 788 F. App'x 945, 949 (5th Cir. 2019) (quoting *Reece*, 81 S.W.3d at 813, 816) ("On the conspicuity factor, the district court found that, even when viewed in a light favorable to Benedetti, her evidence 'indicates that the condition was not conspicuous.' When considering a plaintiff who fell into a puddle 'about the size of a small-or medium-sized pizza' in a well-trafficked area, the Texas Supreme Court held that 'there was no evidence that the spill was conspicuous—it was not large and consisted of clear liquid on a light tile floor.'"); *Yerian v. Wal-Mart Stores Tex., LLC*, No. 6:19-CV-00087, 2020 WL 1430384, at *3 (E.D. Tex. Mar. 23, 2020) (granting summary judgment for defendant on the element of constructive notice) ("As to conspicuousness, the parties agree that the liquid was clear, and the photos tend to show that there was not a large amount of liquid."). As other courts have found, "clear water on a light tile floor is, as a matter of law, inconspicuous." *See. e.g.*, *Yerian*, 2020 WL 1430384, at *3; *Stephens-Butler v. Sam's E., Inc.*, No. 3:19-CV-02732-M, 2020 WL 5106739, at *3 (N.D. Tex. Aug. 31, 2020) ("Plaintiff acknowledged that the spill was a clear liquid. A reasonable trier of fact could not find that the spill was conspicuous."); *Hirras v. Wal-Mart Stores, Inc.*, No. SA-19-CV-01411-FB, 2021 WL 683169, at *6 (W.D. Tex. Feb. 18, 2021) (citing *Sturdivant v. Target Corp.*, 464 F. Supp. 2d 596, 603 (N.D. Tex. 2006)) ("Courts have been particularly hesitant to find sufficient evidence of constructive notice where the substance causing a slip and fall is water, a substance that is clear and particularly inconspicuous."), *report and recommendation adopted*, No. SA-19-CV-1411-FB, 2021 WL 2431030 (W.D. Tex. Mar. 9, 2021).

Turning back to the longevity factor, no temporal evidence exists showing how long the puddle was on the floor; Plaintiff has failed to direct the Court to any summary judgment evidence

in support of a finding of temporal proximity. It is not enough for Plaintiff to show relative proximity of several employees to an inconspicuous puddle of clear water to survive summary judgment. *See Bradford*, 2023 WL 2319420, at *5 ("Because Mr. Bradford does not provide any other evidence to establish the temporal requirement, his proximity argument fails."); *Mabry v. Wall-Mart Stores Tex., LLC*, No. 4:21-CV-482, 2022 WL 1695784, at *3 (E.D. Tex. May 26, 2022) (granting summary judgment for Walmart) ("here, Mabry has not produced evidence of how the spill occurred, how long the spill was on the floor before the incident, or whether the liquid was otherwise visible. . . Mabry has not supplied evidence showing the spill was conspicuous—or even visible. Nor can Mabry show how long the spill was on the floor."); *Watson v. Target Corp.*, No. 4:19-CV-512-KPJ, 2020 WL 5747904, at *4 (E.D. Tex. Sept. 25, 2020) ("Though Plaintiff testified to the presence of an employee in the DVD area and the fact that the water puddle was near the front of the Store, this proximity evidence is, without more, insufficient. Texas law requires 'some proof' of how long the puddle of water was on the ground, and Plaintiff has failed to put forward a single piece of temporal evidence."); *see also Tran v. Fiesta Mart, LLC*, No. 21-CV-02159, 2022 WL 1125770, at *3 (S.D. Tex. Apr. 15, 2022) ("There is no evidence as to how long the puddle was on the floor before Tran fell, or that an employee was in the area just before he fell, precluding a potential jury finding of constructive knowledge."); *Agbonzee*, 2022 WL 3137428, at *3 ("though the employees' proximity to the spill is relevant, it does not appear that any of them even noticed the spill, showing just how inconspicuous it was. Proximity is a closer question. While some employees were on or around the spot where the liquid purportedly was, they were not there for long, and other employees passed by it without stopping or apparently even noticing the liquid. . . In sum, though the employees' proximity to the spill weighs in Agbonzee's favor, the inconspicuous nature of the clear liquid on the white or greyish floor and the short length

of time between the spill and the fall cut toward Wal-Mart. While this inquiry is necessarily fact-intensive, there are no genuine disputes of material fact. And under these facts, Wal-Mart is entitled to judgment as a matter of law."); *Benedetti*, 788 F. App'x at 949-50 (affirming trial court's grant of summary judgment for Walmart) ("On the final factor, longevity, the district court found that Benedetti did 'not direct the Court to any summary judgment evidence in support of her temporal proximity argument.'").[9] Without any temporal evidence, Plaintiff cannot create a fact issue that the spill existed long enough to establish constructive notice.

Because notice is an essential element of Plaintiff's premises liability claim, failure to proffer sufficient evidence showing actual or constructive notice on the part of Walmart entitles it to summary judgment; Plaintiff's claim should be dismissed. *See Hirras*, 2021 WL 683169, at *7 ("Hirras has failed to produce any evidence from which a factfinder could infer that Walmart had actual or constructive knowledge of water or other wet substance on the floor. Because this is an essential element of her premises-liability claim, Walmart is entitled to summary judgment."); *Walicki v. Walmart Stores Tex., LLC*, No. 9:17-CV-41, 2018 WL 3603089, at *4 (E.D. Tex. June 22, 2018) ("Because Plaintiff failed to show a genuine issue of material fact as to Defendant's actual or constructive notice of the water on the floor, the court need not reach the reasonable care issue."); *see also Jaimes v. Wal-Mart Stores Texas, LLC*, No. 4:18-CV-2931, 2019 WL 13202176, at *3 (S.D. Tex. July 29, 2019) (dismissal of premises liability claim proper after granting summary

---

[9] Plaintiff's remaining arguments for constructive knowledge are unavailing, as neither evidence of Walmart's policies regarding hazards nor past slip-and-falls are enough to defeat summary judgment. *See Bradford*, 2023 WL 2319420, at *5 (citations omitted) (citing *Reece*, 81 S.W.3d at 817) ("*Reece* requires that the Court also reject Mr. Bradford's remaining constructive notice arguments. Walmart's policy requiring employees to correct hazards is immaterial given that there is no evidence that an employee noticed the hazard. And Walmart's knowledge that slip and falls are more likely during this time does not relieve Mr. Bradford of his burden to prove the required premises-liability elements. Mr. Bradford has therefore failed to establish that there is a genuine issue of material fact as to whether Walmart had constructive notice of the hazard."); *Slape v. Wal-Mart Stores Tex., LLC*, 656 S.W.3d 698, 702 (Tex. App.—El Paso 2022, no pet.) ("because the employee did not notice the hazard he purportedly walked past, the hazard was not known, and the store's policy was thus not implicated").

judgment as to the notice element) ("Plaintiff failed to establish how long the condition existed, and thus cannot charge Defendant with constructive notice. Therefore, Plaintiff's premises liability claim must fail.").[10]

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the Court recommends that Defendant Walmart Inc.'s Motion for Traditional and No-Evidence Summary Judgment [Dkt. 38] be **GRANTED** and Fannie Slaughter's claim be **DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

---

[10] Having found no genuine issue of material fact remains as to the required element of notice, the Court need not consider the remaining elements. *See Cid v. Wal-Mart Stores E., Inc.*, No. 3:19-CV-0012-C, 2020 WL 3485622, at *3 (N.D. Tex. May 18, 2020).

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 4th day of April, 2023.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE